IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NITA HORTTOR,**

    **Plaintiff,**

**vs.**                                  **Civil No. 09-593 MCA/RLP**

**FORD MOTOR COMPANY,**

    **Defendant.**

**Memorandum Opinion and Order
Denying Plaintiff's Motion to Compel
Denying Defendant's Motion for Leave to File Surreply
Setting Reimbursement and Disclosure Deadlines
and
<u>Extending Pretrial Deadlines</u>**

The matters before the court are Plaintiff Horttor's *Motion to Compel Discovery and to Extend Expert Deadlines* (Docket No. 24), Defendant Ford's *Motion for Leave to File Surreply* (Docket No. 33), and Defendant Ford's unopposed *Motion to Extend its Expert Disclosure Deadline*. (Docket No. 29).

Plaintiff waited to serve Interrogatories and Requests for Production on Defendant until December 9, 2009, twenty (20) days prior to her original deadline for disclosing expert witnesses and providing expert witness reports. (Docket No. 16 & 20). On December 30, the parties jointly filed a motion to extend expert disclosure deadlines. (Docket No. 21). This motion was granted. Plaintiff's new disclosure deadline was January 28, 2010, and Defendant's new disclosure deadline was February 25, 2010. (Docket No. 22). Due to Plaintiff's initial delay in seeking discovery, and the discovery dispute at issue, neither deadline has been met.

Defendant mailed its answers and responses to Plaintiff's discovery requests on January 15, 2010, and they were received on January 19, 2010. (Docket No. 23; Docket No. 30 p. 2).

Plaintiff filed the instant Motion to Compel on January 25, 2010. Plaintiff did not attach to her Motion a copy of the discovery requests and responses thereto that are at issue, thereby violating D.N.M. LR-Civ. 37.1. Copies were attached to Defendant's Response. Plaintiff's Motion to Compel did not identify the specific answers to interrogatories or responses to requests for production that re at issue. Rather, Plaintiff simply asserted that the "answers and responses were boilerplate and unresponsive." (Docket No. 24, p. 1). As a blanket statement, this is preposterous. For example, Interrogatory No. 4 asks whether Defendant conducted any "crashworthiness or other testing on the subject vehicle" prior to placing it on the market, and if so, asks the identity of all persons involved in the testing, the facilities where the testing was conducted, the description of each test and the summary of test results. (Docket No. 38, Ex. B, p. 5). Defendant's answer covers twelve pages of text, and among other things, discusses specific tests utilized and identifies test reports that it will produce.

Given the massive quantity of documentation responsive to Plaintiff's discovery requests, Defendant has utilized CDs and DVDs as a method of transmitting the materials produced or to be produced.[1] Plaintiff initially objected to being charged $10 per disc, then stated she agreed to pay this cost, but now contends that charging her for the costs of the discs is unreasonable given Defendant's financial resources.[2] I find that a cost of $10 per disc is reasonable.

It is not clear from the documents filed by the parties whether there are additional items

---

[1] Plaintiff herself contends that it would be unreasonable to require her attorney to travel to Dearborn, Michigan, to inspect the documents. Therefore, Defendant's manner of delivery of the requested documentation is reasonable.

[2] Compare Docket No. 28, Ex. A, Docket No. 30, p. 4, ¶ 11 and Docket No. 30, p. 6, ¶ 16.

which Defendant has agreed to produce, but which cannot be downloaded to CDs or DVDs.[3] To the extent such items exist, Defendant shall determine a reasonable duplication fee, and shall produce such items upon receipt of said fee.

There is a dispute between the parties as to when all of the CDs, DVDs or other materials were or will be actually available for distribution to Plaintiff. Defendant shall produce all documentation referred to in its Answers to Interrogatories and Responses to Requests for Production within five days of receipt of payment. Any payment not yet tendered is to be provided by Plaintiff to Defendant no later than 7 days after the date of this Memorandum Opinion and Order.

The parties are also at odds over the production of certain items which Defendant state it will produce subject to a "Sharing Protective Order."[4] Plaintiff inaccurately contends that Defendant did not raise the issue of an appropriate protective order in its Answer to Interrogatory No. 8[5], and raises no substantive objection to the entry of a Protective Order.

In her Reply, Plaintiff also objected to being directed to websites for information responsive to her requests. The court can not evaluate this objection in its present form, as it has no information as to how readily available the information sought is from the website, other than Plaintiff's unsupported assertion that the websites contain "millions" of documents. (Docket No. 30, p. 3, ¶ 7). Further, it appears from the content of Defendant's answers, Plaintiff has not been directed to a mass of unorganized, unidentifiable documents.

    a)    Interrogatory No. 4 asks for information regarding pre-marketing crashworthiness

---

[3] See, e.g., Answer to Interrogatory No. 4, which refers to compilations, indexes, photographs and videotapes. Ford will provide the actual materials designated by Plaintiff upon request and Plaintiff's agreement to pay the duplication costs." (Docket No. 28, Ex. B, p. 6 and p. 10-11).

[4] See, e.g., Answer to Interrogatory No. 8, Docket No. 28, Ex. 2, p. 22).

[5] Docket No. 30, p. 7, ¶18.

        testing. As indicated above, Defendant provided a long and detailed answer to this interrogatory. Part of the answer refers to "the portion of a Ford document bearing Bates No. FAAB4100794-801 which describes the PCLLC ("Path Corrected Limit Lane Change") technique, located on www.forddocs.com **or Ford will provide on request."** Plaintiff may request that Defendant provide the actual document.

b)     In interrogatory No. 4, Defendant refers to "the document entitled Explorer Limit Handling referenced at Bates No. FAAB 4100725 that contains the Path -Corrected Limit Change (PCLLC) procedure located on" the same website. Plaintiff may request that Defendant provide the actual document

c)     Interrogatory No. 8 asked for information regarding roll over. Defendant answered that it "did not subject the 1999-2001 (UN 150) Ford Explorer to dynamic roll over crash testing during design and development." It then identified and agreed to produce, following payment for costs incurred, numerous sets of specifically identified materials. Defendant referred Plaintiff to its website for written materials related to a specifically identified Dolly Roll over test, while agreeing to produce the video tape of that test. Plaintiff may request that Defendant provide the actual document

d)     Interrogatory No. 9[6] asked for a "summary of each complaint or incident from any source regarding accidents or incidents or rollover of Ford Explorers." Defendant agreed to produce documents from its own files responsive to this request. In the

---

[6]Interrogatory No. 10 is substantially identical to No. 9, asking whether Defendant "has received any complaint prior to this incident, of any accident or incident resulting in personal injury or property damage, which allegedly resulted from the rollover of a Ford Explorer." Defendant incorporated its answer/response to for Interrogatory No. 9 into Interrogatory No. 10.

remainder of its response, Defendant referred Plaintiff to the website for the National Highway Traffic Safety Administration regarding defect investigations or consumer complaints, stating that such information was in the public domain, equally available to Plaintiff as to Defendant. "[D]iscovery need not be required of documents of public record which are equally accessible to all parties." **Snowden v. Connaught Lab., Inc.**, 137 F.R.D. 325, 333 (D. Kan. 1991) **(quoting SEC v. Samuel H. Sloan & Co.**, 369 F. Supp. 994, 995 (S.D.N.Y. 1973)).

In her Reply, Plaintiff raised specific objections to Defendants answer to Interrogatory No. 16. This interrogatory sought information regarding all alternative designs considered for protection of an Explorer occupant in the event of a rollover. Defendants responded that records reflecting the "consideration of incorporating any particular system, assembly or component in a particular model vehicle are not customarily generated or retained, thus rendering it virtually impossible to identify what 'alternate designs' may have been considered for the subject vehicle." I find that Defendant' has adequately answered interrogatory No. 16.

Both parties seek an extension of their respective deadlines to disclose expert witnesses and provide expert witness reports. The court finds "good cause" to grant this extension request. Fed. R. Civ. P. 16(b)(4).

**IT IS THEREFORE ORDERED AS FOLLOWS:**

1) Plaintiff's Motion to Compel is **DENIED.**

2) Defendants are entitled to be reimbursed the sum of $10 per DVD or CD for the cost of producing documents responsive to Plaintiffs' Interrogatories and Requests for Production. This includes documents which are otherwise available via Defendant's website. Any payment not yet tendered is to be provided by Plaintiff to Defendant

        no later than **March 31, 2010.**

3)     Defendant shall determine a reasonable duplication fee for tangible items that cannot be downloaded to CD or DVD, and advise Plaintiff of that fee on or before March 24, 2010.  Any payment not yet tendered for such items is to be provided by Plaintiff to Defendant no later than **March 31, 2010.**

4)     Upon receipt of the reimbursements outlined above,  and no later than **April 7, 2010**, Defendant shall produce via CD or DVD all documentation not subject to a Protective Order referred to in its Answers to Interrogatories and Responses to Requests for Production.  This includes documents which are otherwise available via Defendant's website, should Plaintiff so request.

5)     The parties shall submit a proposed Protective Order to the court no later **than March 24, 2010**.  Defendant shall produce documents it contends are subject to the Protective Order with five (5) calendar days of the entry of the Protective Order.

6)     Plaintiff shall disclose her expert witnesses and produce expert witness reports by **May 10, 2010.**

7).     Defendant shall disclose its expert witnesses and produce expert witness reports by **June 7, 2010.**

8)     Defendant's Motion to File Surreply is denied.

9)     Additional deadlines are extended as follows:

    a)     Termination of discovery:     **July 7, 2010**

    b)     Discovery motions:     **July 27, 2010**

    c)     Pretrial motions:     **August 6, 2010**

    d)    Pretrial Order, Plaintiff
to Defendant:    **September 21, 2010**

    e)    Pretrial Order, Defendant
To the Court:    **October 5, 2010**

**IT IS SO ORDERED.**

_____
Richard L. Puglisi
Chief United States Magistrate Judge